UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GERMAN ROJAS, et al., | ) | Case No.: 1:12-cv-01393 LJO JLT |
| | ) | |
| Plaintiffs, | ) | ORDER DENYING PLAINTIFFS' |
| v. | ) | MOTIONS TO PROCEED IN FORMA |
| | ) | PAUPERIS AND DIRECTING PLAINTIFFS |
| | ) | TO PAY THE FILING FEE |
| | ) | |
| COUNTYWIDE FINANCIAL, et al., | ) | (Docs. 3-4) |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiffs German Rojas and Tony Sickler ("Plaintiffs") initiated this action by filing a complaint on August 24, 2012. (Doc. 1). Plaintiffs seek to proceed in forma pauperis, and filed separate motions to proceed without payment of the filing fee. (Docs. 3-4).

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed in forma pauperis is granted by the Court. See Rodriguez v. Cook, 169 F.3d 1178, 1177 (9th Cir. 1999).

The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of an informa pauperis status does not violate the applicant's

right to due process." Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984), citing Weller v. Dickson, 314 F.2d 598, 600 (9th Cir. 1963).  In addition, the Court has broad discretion to grant or deny a motion to proceed IFP. O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir. 1990); Weller, 314 F.2d at 600-01.  In making a determination, the Court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." Temple v. Ellerthorpe, 586 F.Supp. 848, 850 (D.R.I. 1984).

Here, Plaintiffs applications do not demonstrate an inability to pay the Court costs due to poverty.  Both German Rojas and Tony Sickler report they are employed, and have a total income of more than $4,900 each month.  (Doc. 3 at 1, Doc. 4 at 1).  In addition, Mr. Sickler reported he has $800.00 in savings.  (Doc. 3 at 3).  Therefore, based upon their income and assets, Plaintiffs have failed to make an adequate showing of indigence and have not demonstrated that they have insufficient funds to pay the Court's filing fee of $350.

Accordingly, **IT IS HEREBY ORDERED**:

1. The motions to proceed in forma pauperis are **DENIED**; and
2. Plaintiffs **ARE DIRECTED** to pay the filing fee within 30 days of service of this order.  If Plaintiffs fail to pay the filing fee, the Court will dismiss the action.

IT IS SO ORDERED.

**Dated:   September 11, 2012**          /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE